# Wayne Title & Trust Co. *v.* Treat, Appellant.

*Promissory notes—Accommodation maker—Affidavit of defense —Indebtedness to banking institution in excess of ten per cent of capital and surplus—Banks and banking—Act of June 14, 1901, P. L. 561.*

In an action by a trust company on a promissory note against the maker, an affidavit of defense is insufficient which avers that defendant was an accommodation maker, and that the note was given to conceal the fact that the party for which it was made was indebted to plaintiff in excess of ten per cent of its paid up capital stock and surplus, contrary to the Act of June 14, 1901, P. L. 561.

Argued January 7, 1921. Appeal, No. 67, Jan. T., 1921, by defendant, from order of C. P. No. 3, Phila. Co., March T., 1920, No. 3274, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Wayne Title & Trust Co. v. Herbert A. Treat. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit against maker of promissory note. Before FERGUSON, J.

The affidavit of defense averred that defendant was an accommodation maker for his father and another person, and that it was given to conceal the fact that the parties really interested, were indebted to plaintiff in an amount in excess of ten per cent of its capital and surplus contrary to the Act of June 14, 1901, P. L. 561, and that the. collateral pledged to secure the notes belonged to the accommodated parties.

The court made absolute the rule for judgment. Defendant appealed.

*Error assigned* was above order, quoting it.

*Thomas Ridgway,* for appellant.

*Humbert B. Powell,* of *Powell, Ludlow & Schaeffer,* for appellee, was not heard.

PER CURIAM, February 14, 1921:

The facts of this case raise practically the same question this court passed upon in O'Hare v. Second National Bank of Titusville, 77 Pa. 96. Applying what was there said to the averments set out in the affidavit in this case, the defense is clearly insufficient and the court below properly made absolute the rule for judgment.

Judgment affirmed.